IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA BROOKSHIRE, Individually, | § | IN THE DISTRICT COURT OF |
| CINDY ZELAYA, Individually and a/n/f | § | |
| of NATHAN LOPEZ and JOSE ZELAYA | § | |
| a/n/f of EDGAR ZELAYA AND IVAN | § | |
| ZELAYA VS. | § | CIVIL ACTION NO. 4:10-cv-2375 |
| | § | |
| SWIFT TRANSPORTATION CO., INC. | § | |
| AND JOHN DOE | § | JURY REQUESTED |

### DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant, SWIFT TRANSPORTATION CO., INC., by its attorney, and for its Answer to the Plaintiffs' First Amended Petition states as follows:

**A.**

**DISCOVERY CONTROL PLAN**

1. State court averment is not applicable to federal court proceeding.

**B.**

**PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph under this section.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph under this section.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph under this section.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph under this section.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph under this section.

7. Defendant admits the allegation in this paragraph under this section.

8. Defendant denies the allegation contained in this paragraph under this section.

## C.

## JURISDICTION AND VENUE

9. Defendant admits that federal court has diversity jurisdiction over Plaintiffs' Petition and the Houston Division if the proper venue for this case.

## D.

## FACTS

10. Defendant denies all the factual allegations contained in this paragraph as it pertains to Defendant's involvement in the occurrence in question.

## E.

## CAUSE OF ACTION

11. Defendant admits that it has a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently. Defendant denies the remaining allegations in this paragraph under this section with regard to the alleged negligent acts of Defendant.

## F.

## PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR AGAINST SWIFT TRANSPORTATION CO., INC.

12. Defendant denies the allegation in this paragraph under this section.

13. Defendant denies the allegation in this paragraph under this section.

14. Defendant denies the allegation in this paragraph under this section.

15. Defendant denies the allegation in this paragraph under this section..

### G.

### PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST SWIFT TRANSPORTATION CO., INC.

16. Defendant denies the allegation in this paragraph under this section..

17. Defendant denies the allegation in this paragraph under this section..

18. Defendant denies the allegation in this paragraph under this section..

19. Defendant denies the allegation in this paragraph under this section..

20. Defendant denies the allegation in this paragraph under this section..

### H.

### DAMAGES

21. Defendant denies the allegations in this paragraph and its subparts and denies that Plaintiff is entitled to the relief sought.

22. Defendant denies that Plaintiff is entitled to the relief sought.

23. Defendant denies the allegations in this paragraph and its subparts and denies that Plaintiff is entitled to the relief sought.

24. Defendant denies that Plaintiff is entitled to the relief sought.

25. Defendant denies the allegations in this paragraph and its subparts and denies that Plaintiff is entitled to the relief sought.

26. Defendant denies that Plaintiff is entitled to the relief sought.

27. Defendant denies the allegations in this paragraph and its subparts and denies that Plaintiff is entitled to the relief sought.

28. Defendant denies that Plaintiff is entitled to the relief sought.

29. Defendant denies the allegations in this paragraph and its subparts and denies that Plaintiff is entitled to the relief sought.

30. Defendant denies that Plaintiff is entitled to the relief sought.

## I.

## DEMAND FOR JURY

31. Defendant agrees with Plaintiffs' demand for jury.

## J.

## REQUEST FOR DISCLOSURE

32. State court averment is not applicable to federal court proceeding.

## K.

## PRAYER

33. Defendant denies that Plaintiffs are entitled to the relief sought in the prayer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

34. Defendant says that the accident was an unavoidable accident.

### SECOND AFFIRMATIVE DEFENSE

35. Defendant says that Plaintiffs have failed to properly mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

36. Specially answering, Defendant says on the occasion in question Plaintiffs failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure was the sole cause and/or proximate cause of the alleged injuries.

## FOURTH AFFIRMATIVE DEFENSE

37. In the event Plaintiffs have settled, or settles, with any party or nonparty, Defendant is entitled to a credit.

## JURY DEMAND

38. Defendant makes a demand for a jury.

WHEREFORE, Defendant prays that Plaintiffs take nothing by this suit against Defendant, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

Roger D. Oppenheim
FBN: 14206
SBN: 15292400
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
**Attorney for Defendant**
SWIFT TRANSPORTATION CO., INC.

## CERTIFICATE OF SERVICE

On this 15th day of July, 2010, a true and correct copy of the foregoing instrument has been provided to all parties by United States certified mail, return receipt requested or telefax transmission.

Mr. Roni Most
**D. MILLER & ASSOCIATES, PLLC**
10565 Katy Frwy., Ste. 400
Houston, TX 77024

Roger D. Oppenheim